| | |
|---|---|
| NICHOLAS WARD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:22-cv-00380-RGJ |
| | ) |
| FARM CREDIT MID-AMERICA, FLCA, | ) |
| | ) |
| FARM CREDIT MID-AMERICA, ACA, | ) |
| | ) |
| and | ) |
| | ) |
| FARM CREDIT MID-AMERICA, PCA | ) |
| | ) |
| Defendants. | ) |

*** *** ***

## ANSWER TO COMPLAINT AND JURY DEMAND

Defendants, Farm Credit Mid-America, FLCA, Farm Credit Mid-America, ACA, and Farm Credit Mid-America, PCA (collectively, "Defendants"), by counsel, for their Answer to the Complaint and Jury Demand ("Complaint") filed by Plaintiff, Nicholas Ward ("Plaintiff"), state as follows:

### PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1 of the Complaint and, therefore, deny them. In response to the allegations contained in the second sentence of Paragraph 1 of the Complaint, Defendants admit that Farm Credit Mid-America, FLCA employed Plaintiff from February 20, 2007 until June 27, 2019. Defendants deny any remaining allegations contained in Paragraph 1 of the Complaint.

FP 44668984.1

2. In response to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that they are an agricultural lending cooperative doing business in Kentucky but deny that any entity other than Farm Credit Mid-America, FLCA ever employed Plaintiff. The remaining allegations contained in Paragraph 2 of the Complaint are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint assert legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 3 of the Complaint may be construed as asserting any factual allegations, Defendants affirmatively deny that they committed any wrongful or unlawful acts with respect to Plaintiff and deny any remaining allegations included in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 of the Complaint assert legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 3 of the Complaint may be construed as asserting any factual allegations, Defendants affirmatively deny that they committed any wrongful or unlawful acts with respect to Plaintiff and deny any remaining allegations included in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint assert legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 5 of the Complaint may be construed as asserting any factual allegations, Defendants affirmatively deny that they committed any wrongful or unlawful acts with respect to Plaintiff and deny any remaining allegations included in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint assert legal conclusions to which no response is required.

FP 44668984.1

## FACTUAL ALLEGATIONS

7. In response to the allegations contained in Paragraph 7 of the Complaint, Defendants admit only that Farm Credit Mid-America, FLCA hired Plaintiff on or about February 20, 2007 and that, during his employment, Plaintiff worked at Farm Credit Mid-America, FLCA's, corporate headquarters in Louisville, Kentucky. Defendants deny any remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 9 of the Complaint and, therefore, deny them. Defendants deny the allegations contained in the third sentence of Paragraph 9 of the Complaint.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendants admit only that, on or about May 2, 2017, Farm Credit Mid-America, FLCA issued Plaintiff a probationary notice placing him on a probationary period. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint refer to a written performance review which speaks for itself and, therefore, no response to Plaintiff's characterization thereof is required. Defendants deny any allegations that are inconsistent with such performance review and refer to the true and accurate copy of the performance review.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendants admit only that Elizabeth Pilbean became Plaintiff's new leader in November or December 2018 and that, as Plaintiff's leader, Pilbean issued Plaintiff development goals. Responding further, Defendants deny that improving credit knowledge was a new development

3

goal for Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, deny them.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, deny them.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Defendants admit only that Plaintiff's supervisor, Elizabeth Pilbean, had a meeting with Plaintiff on or about June 14, 2019 to discuss his 2019 development goals. Defendants deny any remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 20 of the Complaint and, therefore, deny them. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint, including the allegations contained in all subparts.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

FP 44668984.1

25.     In response to the allegations contained in Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's thoughts or perceptions and, therefore, deny them. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, deny them.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, Defendants admit only that, on June 27, 2019, Elizabeth Pilbean and Marisa Martin met with Plaintiff to advise him that Farm Credit Mid-America, FLCA had decided to terminate his employment and to present him with a Separation Agreement. Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint.

## CAUSES OF ACTION

### I.     ALLEGED VIOLATION OF 29 USC § 2615 FMLA INTERFERENCE

29.     In response to Paragraph 29 of the Complaint, Defendants restate, reaffirm, and incorporate by reference their responses to Paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30.     The allegations contained in Paragraph 30 of the Complaint assert legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 30 of the Complaint may be construed as asserting factual allegations, Defendants deny them.

31.     The allegations contained in Paragraph 31 of the Complaint assert legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 30 of the Complaint may be construed as asserting factual allegations, Defendants deny them.

32.     The allegations contained in Paragraph 32 of the Complaint assert legal conclusions to which no response is required.  To the extent the allegations contained in Paragraph 30 of the Complaint may be construed as asserting factual allegations, Defendants deny them.

33.     The allegations contained in Paragraph 33 of the Complaint assert legal conclusions to which no response is required.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## II.  ALLEGED VIOLATION OF 29 U.S.C. § 2615 FMLA RETALIATION

36.     In response to Paragraph 36 of the Complaint, Defendants restate, reaffirm, and incorporate by reference their responses to Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## III.  ALLEGED PERCEIVED DISABILITY DISCRIMINATION

42.     In response to Paragraph 42 of the Complaint, Defendants restate, reaffirm, and incorporate by reference their responses to Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43.     The allegations contained in Paragraph 43 of the Complaint assert legal conclusions to which no answer is required.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

FP 44668984.1

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, deny them.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny any and all allegations in the Complaint not specifically admitted in this Answer.

49. Defendants deny that Plaintiff is entitled to the damages sought and the relief requested in the Complaint including, but not limited to, the Prayer for Relief stated on page 9 of the Complaint.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, and by way of affirmative and other defenses, Defendants state that they will rely upon the following affirmative and other defenses, if applicable and if supported by facts to be determined by appropriate discovery:

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

## SECOND DEFENSE

All of Farm Credit Mid-America, FLCA's actions with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons, and all of Farm Credit Mid-America, FLCA's actions were made in good faith and without malice or reckless desire to harm the Plaintiff. All managerial actions were undertaken and exercised with good cause, and for proper, lawful business reasons and necessity, which were not a pretext for discrimination or retaliation.

7

### THIRD DEFENSE

If Plaintiff suffered any damages, which Defendants dispute, such damages were proximately and legally caused by the misconduct and fault of Plaintiff or parties other than Defendants.

### FOURTH DEFENSE

Plaintiff has failed to mitigate his damages, if any. Any damages recovered by Plaintiff must be offset by any compensation that he received or, with reasonable diligence, could have received during the period covered by any damage award.

### FIFTH DEFENSE

Some or all of Plaintiff's claims against Defendants are barred, in whole or in part, by estoppel, laches, waiver, consent and unclean hands.

### SIXTH DEFENSE

Plaintiff was not employed pursuant to a contract of employment that limited the terminable at-will status in any manner, including any limitation to terminating employment pursuant to a specific time frame or under the condition of any "for cause" basis. Farm Credit Mid-America, FLCA's documents and employment policies contained disclaimer language negating the formation of any contract contrary to the employment terminable at-will relationship.

### SEVENTH DEFENSE

At all relevant times, Plaintiff was employed by Farm Credit Mid-American, FLCA. Neither Farm Credit Mid-America, ACA nor Farm Credit Mid-America, PCA ever employed Plaintiff and [and neither entity is an employer as contemplated by the relevant statutes?]. Consequently, Farm Credit Mid-America, ACA and Farm Credit Mid-America, PCA are not appropriate defendants in this matter.

FP 44668984.1

## EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages to the extent such damages are contemplated by the Complaint. Punitive damages are not available remedies for some or all of Plaintiff's claims. Specifically, punitive damages are not provided by the Kentucky Civil Rights Act, KRS § 344.010, *et seq* ("KCRA"). *See Ky. Dept. of Corr. v. McCullough*, 123 S.W.3d 130 (Ky. 2003). Moreover, Farm Credit Mid-America, FLCA's actions were not willful, malicious or without justification. To the extent Plaintiff's Complaint seeks to make Defendants liable for punitive damages, Defendants adopt by reference the defenses, criteria, limitations and standards mandated by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). There are no adequate safeguards with respect to the imposition of punitive damages against Defendants as presently applied to meet the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## NINTH DEFENSE

Farm Credit Mid-America, FLCA at all times took reasonable care to prevent and promptly correct discrimination, if any, and provided appropriate procedures for complaining of discrimination.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent they involve any transaction or events and/or seek any damages for any periods outside any applicable statutory limitations period.

## ELEVENTH DEFENSE

Plaintiff is not a "qualified individual with a disability" as that term is defined by the KCRA.

FP 44668984.1

<h2 style="text-align:center"><strong><u>TWELFTH DEFENSE</u></strong></h2>

Farm Credit Mid-America, FLCA did not regard Plaintiff as a "qualified individual with a disability" as that term is defined by the KCRA.

<h2 style="text-align:center"><strong><u>THIRTEENTH DEFENSE</u></strong></h2>

Plaintiff does not have a "record of a disability" as that term is defined by the KCRA.

<h2 style="text-align:center"><strong><u>FOURTEENTH DEFENSE</u></strong></h2>

Plaintiff's claims may be barred in whole or in part by his failure to exhaust all administrative remedies and/or his failure to fulfill each and every administrative prerequisite to initiating this proceeding.

<h2 style="text-align:center"><strong><u>FIFTEENTH DEFENSE</u></strong></h2>

Plaintiff cannot demonstrate that Farm Credit Mid-America, FLCA willfully violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"). Consequently, Plaintiff's FMLA claims are time-barred.

<h2 style="text-align:center"><strong><u>SIXTEENTH DEFENSE</u></strong></h2>

Defendants cannot be held liable for any liquidated damages because Farm Credit Mid-American, FLCA acted in good faith and without malice, willfulness or evil intent.

<h2 style="text-align:center"><strong><u>SEVENTEENTH DEFENSE</u></strong></h2>

Subject to proof through discovery, some or all of Plaintiff's alleged damages may be limited by the after-acquired evidence doctrine.

<h2 style="text-align:center"><strong><u>EIGHTEENTH DEFENSE</u></strong></h2>

Farm Credit Mid-America, FLCA did not interfere with Plaintiff's rights under the FMLA, discriminate or retaliate against Plaintiff for exercising rights under the FMLA, or deny Plaintiff the right to take FMLA leave for which he qualified and/or to which he was entitled under the FMLA.

10

## NINETEENTH DEFENSE

Plaintiff's FMLA claims are barred, in whole or in part, due to his failure to comply with his obligations under the FMLA.

## TWENTIETH DEFENSE

Plaintiff cannot establish a *prima facie* case of unlawful disability discrimination under the KCRA.

## TWENTY-FIRST DEFENSE

Even if Plaintiff can set forth the elements of a *prima facie* case of disability discrimination, he cannot demonstrate pretext.

## TWENTY-SECOND DEFENSE

Because Plaintiff was not a qualified individual with a disability under the KCRA, Farm Credit Mid-America, FLCA owed him no duty of accommodation had he requested one, and any alleged adverse employment action taken against him cannot violate the KCRA.  Even assuming Plaintiff met the definition of a "qualified individual with a disability," Farm Credit Mid-America, FLCA did not fail to provide a reasonable accommodation.  Farm Credit Mid-America, FLCA is not obligated to provide alleged accommodations that meet the definition of an "undue hardship" under the KCRA.

## TWENTY-THIRD DEFENSE

Defendants hereby give notice that they intend to rely upon affirmative defenses that may become available or apparent during the course of discovery and, therefore, incorporate by reference each and every affirmative defense available to them pursuant to FED. R. CIV. P. 8(c) and 12(b) which discovery might reveal to be appropriate.  Defendants specifically reserve the right to amend and supplement this Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence during and following discovery.

11

**WHEREFORE,** Defendants hereby demand and pray for judgment as follows:

A.     That Plaintiff's Complaint and each allegation contained therein be dismissed with prejudice;

B.     That judgment be awarded in favor of Defendants;

C.     For judgment against Plaintiff awarding Defendants their costs and expenses incurred in this action, including reasonable legal costs and attorneys' fees; and

D.     Any and all other relief to which Defendants may appear entitled.


Respectfully submitted,

*/s/  Laurel K. Cornell*

Laurel K. Cornell
FISHER & PHILLIPS LLP
220 West Main Street, Suite 1700
Louisville, KY  40202
Telephone: (502) 561-3990
Facsimile: (502) 561-3987
Email: lcornell@fisherphillips.com

COUNSEL FOR DEFENDANTS

FP 44668984.1

**<u>CERTIFICATE OF SERVICE</u>**

 I hereby certify that on August 1, 2022, I electronically filed the foregoing ***Answer to Complaint and Jury Demand*** with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to:

P. Stewart Abney
ABNEY LAW OFFICE, PLLC
1864 Frankfort Avenue, Suite 203
Louisville, Kentucky  40206
Telephone: (502) 498-8585
Email: stewart@abneylegal.com

COUNSEL FOR PLAINTIFF

*/s/ Laurel K. Cornell*
COUNSEL FOR DEFENDANTS

FP 44668984.1