IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Electronically Filed)*

| | | |
|---|---|---|
| NICHOLAS WARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:22-cv-00380-RGJ-CHL |
| | ) | |
| FARM CREDIT MID-AMERICA, FLCA, | ) | |
| | ) | |
| FARM CREDIT MID-AMERICA, ACA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FARM CREDIT MID-AMERICA, PCA | ) | |
| | ) | |
| Defendants. | ) | |

*** *** ***

## JOINT REPORT OF THE PARTIES' RULE 26(F) PLANNING MEETING

*** *** ***

Plaintiff, Nicholas Ward ("Plaintiff") and Defendants, Farm Credit Mid-America, FLCA, Farm Credit Mid-America, ACA, and Farm Credit Mid-America, PCA, ("Defendants") (collectively the "Parties"), by counsel, for their Joint Report of Parties' Planning Meeting, state as follows:

1. **Appearances**. Pursuant to Fed. R. Civ. P. 26(f), the parties conferred regarding a proposed discovery plan on August 25, 2022. The participants were:

   a. P. Stewart Abney for Plaintiff.

   b. Laurel K. Cornell for Defendants.

FP 45011551.1

2. **Statement of Claims.**

    a.    Plaintiff claims that Defendants failed to provide him with Family and Medical Leave Act ("FMLA") paperwork and then terminated his employment after he advised that he needed time off for psychotherapy appointments.

    b.    Defendants deny that Plaintiff's health or any medical condition factored into the decision to terminate his employment and further deny that Plaintiff requested any leave pursuant to the FMLA at or around the time of his discharge. Defendants state, instead, that Farm Credit Mid-America, FLCA terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons, including Plaintiff's failure to improve his credit knowledge and his resistance to constructive feedback from his leader.

3. **Initial Disclosures.** The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **September 19, 2022**.

4. **Discovery Plan:**

    a.    Discovery will be needed on the following subjects:

        i.    Plaintiff's allegations in the Complaint, including his allegations that Defendants willfully interfered with his rights under the FMLA and terminated his employment in retaliation for his purported request(s) for leave under the FMLA; and that Defendants unlawfully discriminated against him on the basis of a perceived disability in violation of the Kentucky Civil Rights Act ("KCRA").

        ii.    Defendants' denials and affirmative defenses to Plaintiff's allegations; and

FP 45011551.1

   iii.  the extent, nature, severity, and amount of Plaintiff's alleged damages, and Plaintiff's efforts to mitigate those damages.

b. Plaintiff shall have until **November 11, 2022**, to join additional parties and amend the pleadings.  Defendants shall have until **December 12, 2022** to join additional parties and amend the pleadings.

c. All non-expert witness discovery shall be completed by **June 9, 2023**.  All written discovery shall be served **forty-five (45) days** before the discovery cut-off.

d. The final date to file dispositive motions shall be **August 11, 2023**.

e. The Plaintiff shall disclose the identity of any testifying expert witness, including the disclosure of the report of the expert(s) by **April 11, 2023**.  The Defendant shall disclose the identity of any testifying expert witness, including the disclosure of the report of the expert(s) by **May 13, 2023**.  Any party filing a rebuttal expert witness report shall do so by **June 9, 2023**.

f. Supplementations under Rule 26(e) shall be due no later than **thirty (30) days** after the party becomes aware of the need for supplementation.  Final supplementation shall be completed **sixty (60) days** before trial.

g. The Parties state that this matter will be ready for a final pretrial conference with the Court **thirty (30) days** before trial.

h. The parties propose that the final date for submission of Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists be filed no later than **fourteen (14) days** before the final pretrial conference.

FP 45011551.1

i.    The parties propose that any objections filed under Rule 26(a)(3) will be filed no later than **seven (7) days** before the final pretrial conference.

5.    **Other Items**:

a.    The Parties will follow the Federal Rules of Civil Procedure with respect to discovery requests and depositions, except that depositions of the parties will not be limited to seven hours. Counsel for both parties agree to work with each other in scheduling and completing a party's deposition which may exceed seven hours.

b.    The Parties advise that they intend to confer on all prospective discovery disputes, bringing any unresolved issues first to the Magistrate Judge by way of telephonic conference, and that neither party will file a discovery motion without first seeking guidance from the Magistrate Judge in this manner.

c.    The Parties may enter into a confidentiality agreement or move the Court for a protective order, in order to protect Defendant's proprietary information, information regarding Defendant's current or former customers or employees, or Plaintiff's medical or financial information that may be disclosed during the course of discovery proceedings in this case.

d.    The Parties acknowledge that the claims, defenses, and issues in this case may deal with electronically stored information ("ESI"). The Parties have agreed to meet and confer regarding any ESI, including with regard to search terms, custodians and the format for the production of ESI. The Parties confirm that any issues or disputes related to ESI will be addressed in accordance with Local Rule 37.1.

e.    In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally

4

produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

f.  The possibility of settlement cannot be evaluated at this time. The parties, however, would consider participating in a court-ordered mediation/settlement conference for the purpose of resolving this case in advance of the discovery deadline.

6.  The Parties do not consent to this action being referred to a full-time United States Magistrate Judge for trial, pursuant to 28 U.S.C. 636(c).

7.  **Jury Trial Request**: The parties request a jury trial. The parties believe the case should be ready for trial in **February 2024** if, by thirty (30) days prior to the scheduled trial date, the Court has ruled on any pending dispositive motions. The Parties anticipate that the trial should last three (3) to four (4) days.

Respectfully submitted this 1ˢᵗ day of September, 2022,

/s/ P. Stewart Abney (by LKC w/permission)
P. Stewart Abney
ABNEY LAW OFFICE, PLLC
1864 Frankfort Avenue, Suite 203
Louisville, Kentucky  40206
Phone:  (502) 498-8585
Email:  stewart@abneylegal.com

COUNSEL FOR PLAINTIFF

/s/ Laurel K. Cornell
Laurel K. Cornell
FISHER & PHILLIPS LLP
220 West Main Street, Suite 1700
Louisville, Kentucky  40202
Phone:  (502) 561-3990
Fax:  (502) 561-3991
Email:  lcornell@fisherphillips.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I electronically filed the foregoing *Joint Report of the Parties' Rule 26(f) Planning Meeting* with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to:

P. Stewart Abney
ABNEY LAW OFFICE, PLLC
1864 Frankfort Avenue, Suite 203
Louisville, Kentucky  40206
Telephone: (502) 498-8585
Email: stewart@abneylegal.com

COUNSEL FOR PLAINTIFF

/s/ Laurel K. Cornell
COUNSEL FOR DEFENDANTS

6

FP 45011551.1